**IN THE UNITED STATES COURT OF APPEALS**
**FOR THE FIFTH CIRCUIT**

United States Court of Appeals
Fifth Circuit

**F I L E D**
May 23, 2012

Lyle W. Cayce
Clerk

No. 11-50789
Summary Calendar

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

RODRIGO QUINTERO-RUACHO,

Defendant-Appellant

Appeal from the United States District Court
for the Western District of Texas
USDC No. 4:11-CR-68-1

Before WIENER, STEWART, and HAYNES, Circuit Judges.

PER CURIAM:[*]

Defendant-Appellant Rodrigo Quintero-Ruacho appeals the sentence imposed following his guilty-plea conviction for illegal reentry after deportation. The district court sentenced him to a within-guidelines term of 70 months of imprisonment and three years of supervised release. Quintero-Ruacho challenges the substantive reasonableness of the sentence, insisting that his sentence is unreasonable because it is greater than necessary to achieve the sentencing goals of 18 U.S.C. § 3553(a). He contends that the illegal reentry

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

Guideline, U.S.S.G. § 2L1.2, is not empirically based and double counts the defendant's criminal history. He argues, in reliance on *Kimbrough v. United States*, 552 U.S. 85, 109-10 (2007), that the presumption of reasonableness should not apply, but he concedes that his argument is foreclosed by *United States v. Mondragon-Santiago*, 564 F.3d 357, 366-67 (5th Cir. 2009), and that he raises the argument to preserve it for possible review by the Supreme Court. He further asserts that the guideline range overstates the seriousness of the offense, which he categorizes as a form of trespass, and fails to account for his benign motive for reentering.

As Quintero-Ruacho did not make any objections to his sentence or contend in the district court that his sentence was unreasonable, our review is for plain error only. *See Puckett v. United States*, 556 U.S. 129, 134-35 (2009); *United States v. Peltier*, 505 F.3d 389, 391-92 (5th Cir. 2007) (requiring objection to substantive unreasonableness of sentence to preserve error).

Quintero-Ruacho's contention that his guidelines range was greater than necessary to meet § 3553(a)'s goals as a result of double counting is unavailing. The Guidelines provide for consideration of a prior conviction for both criminal history and the § 2L1.2 enhancement. *See* § 2L1.2, comment. (n.6). We have rejected the argument that such double counting necessarily renders a sentence unreasonable. *See United States v. Duarte*, 569 F.3d 528, 529-31 (5th Cir. 2009). We have also rejected the argument that illegal reentry is merely a trespass offense that is treated too harshly under § 2L1.2. *See United States v. Aguirre-Villa*, 460 F.3d 681, 683 (5th Cir. 2006).

Before it imposed a sentence within the advisory guideline range, the district court heard Quintero-Ruacho's statement concerning his reasons for reentering the United States. The court considered the statutory sentencing factors in § 3553(a) prior to imposing a sentence within the Guidelines. Quintero-Ruacho's within-guidelines sentence is entitled to a presumption of reasonableness. *See Rita v. United States*, 551 U.S. 338, 347 (2007). Quintero-

No. 11-50789

Ruacho has failed to show that the presumption should not apply.  The district court did not abuse its discretion, much less plainly err, in imposing a sentence within the advisory guideline range.  *See Gall v. United States*, 552 U.S. 38, 50-51 (2007).  The judgment of the district court is AFFIRMED.